United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60148
_____

JUAN CARLOS BARAJAS

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96-278-926

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

Juan Carlos Barajas, a Colombian citizen, was ordered removed from the United States after an immigration judge ("IJ") denied his application for asylum and withholding of removal because of an adverse credibility determination. The Board of Immigration Appeals affirmed in a per curiam order. Since the IJ's credibility determination is supported by substantial evidence, we DENY the petition for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.   BACKGROUND

Barajas is a native and citizen of Colombia.  He was fifteen years old at the time of the proceedings under review by this court.  In July 2002, he entered this country lawfully as a non-immigrant, but became removable for overstaying his visa.  On March 26, 2003, the Immigration and Naturalization Service charged Barajas with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act.  Barajas conceded removability, but filed an application for asylum and withholding of removal based on alleged persecution.

In his application, Barajas claimed he was in danger of death or harm at the hands of the National Liberation Army ("ELN"), a Colombian guerilla group, because of his sister's and mother's activities at the Instituto Colombo Americano, which is viewed by the ELN as an example of unwanted American involvement in Colombia. As a result of ELN threats, Barajas's sister, a teacher at the institute, was granted asylum in 2001.

Barajas reported that while they were still living in Colombia, his mother had received threatening phone calls from the ELN.  Additionally, he stated that in 2002, while he was waiting for a school bus, a man approached him and said they had access to him.  In fear of being kidnapped, he hid for the rest of the day until his mother found him in a storage area.  He then testified that shortly after the bus incident, he and his mother were leaving

the dentist's office when a man approached them, began beating him, and stole his mother's purse. Later that night they received a phone call from the ELN telling them that the incident was only a warning. His mother and sister also testified about the incident, but their testimony differed from Barajas's. As a result of the inconsistencies, the IJ determined that the testimony appeared rehearsed and was not credible, and he denied the application for asylum on August 4, 2003. The Board of Immigration Appeals affirmed in a per curiam order on February 3, 2005. Barajas now petitions for review.

## II. DISCUSSION

The Attorney General may grant asylum to aliens who qualify as refugees. 8 U.S.C. § 1158(a). A refugee is someone who is unable or unwilling to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. § 1101(a)(42)(A). To be eligible for withholding of deportation, an alien must demonstrate a "clear probability" of persecution upon return to his home country. Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

This court reviews the denial of asylum under Section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We will uphold the factual finding that an alien is not eligible for asylum if the finding is supported by substantial evidence. Zhang v.

3

<u>Gonzales</u>, 432 F.3d 339, 344 (5th Cir. 2005).  Reversal is proper only if a different conclusion is <u>compelled</u> by the evidence.  <u>Id.</u> If an adverse determination is supported by specific and cogent reasons derived from the record, it will not be upset.  <u>Id.</u>

The petitioner has the burden to "show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483-84, 112 S. Ct. 812, 817 (1992).  The factfinder's determinations as to a witness's credibility "are given great deference" because "[t]he factfinder has the duty to judge the credibility of the witnesses and to make findings accordingly."  <u>Efe v. Ashcroft</u>, 293 F.3d 905, 905 (5th Cir. 2002).

Barajas argues that he met his burden of proof to establish eligibility for asylum, contending that the IJ's credibility determinations were not reasonable in light of the evidence.  He argues that a different result was compelled.

The IJ determined that the testimony of Barajas and his mother regarding threats of persecution to Barajas was not credible.  The IJ noted that the application for asylum was somewhat vague, and when the petitioner was examined on the details of the incident, irreconcilable discrepancies began to appear between his and his mother's testimony. For example, the testimony differed on the issues of where the incident occurred and whether they took a taxi home afterwards or before.  The witnesses also could not agree on how they got to the hospital after the incident.

4

The judge determined that the testimony appeared rehearsed, given the vague, general description and lack of cogency on the details. The IJ gave both witnesses an opportunity to clear up the discrepancies, but the only explanation given was that Barajas was confused and depressed about the incident, which had occurred less than a year earlier, and thus could not remember.

Barajas contends that, as other circuits have held, minor inconsistencies that do not go to the heart of the matter should not render a petitioner ineligible for asylum. See Sylla v. INS, 388 F.3d 924, 926 (6th Cir. 2004); Georgis v. Ashcroft, 328 F.3d 962, 967-70 (7th Cir. 2003); Wang v. Ashcroft, 341 F.3d 1015, 1021-22 (9th Cir. 2003); see also Caushi v. Atty. Gen. of U.S., 436 F.3d 220, 226 n.4 (3d Cir. 2006). This court has not yet ruled directly on whether minor inconsistencies in asylum testimony can justify the denial of relief, but we decline to do so here. As Barajas and his mother could not agree on even the basic facts of the critical incident, the IJ's finding would be upheld under either our current standard or the strengthened standard used by some other circuits. The IJ's decision was thus based on "specific and cogent reasons derived from the record," and must be upheld. Zhang, 432 F.3d at 344.

## CONCLUSION

For these reasons, the petition for review of the decision of the BIA is **DENIED**.

5